**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wells Fargo Bank NA,<br>Petitioner,<br>v.<br>Joseph R Welsh,<br>Respondent. | No. CV-25-04382-PHX-SHD<br>**ORDER** |

Before me are Respondent Joseph R. Welsh's Motion for Leave to File Answer Out of Time (Doc. 18), Welsh's Motion to Vacate Arbitration Award (Doc. 14), and Petitioner Wells Fargo Bank, N.A.'s ("Wells Fargo") Petition for Confirmation of Arbitration Award (the "Petition") (Doc. 1).[1] For the reasons below, I will **grant** Welsh leave to file his answer out of time, **deny** his Motion to Vacate, and **confirm** the award.[2]

## I. BACKGROUND

This matter arises from a banking dispute. Welsh filed a demand for arbitration with the American Arbitration Association ("AAA") concerning allegedly unauthorized electronic fund transfers, ultimately seeking $304,100 in damages. (Doc. 1 at ¶¶ 12–13.) The AAA appointed Shawn Aiken as the sole arbitrator. (*Id.* at ¶¶ 14–15.) On November

---

[1] Welsh also filed an Application for Leave to Proceed In Forma Pauperis ("IFP"). (Doc. 13.) The filing fee in this matter has been paid. (Doc. 6.) His IFP Application is therefore moot and will be denied.

[2] I find these motions suitable for decision without oral argument. *See* LRCiv. 7.2(f).

7, 2025, Aiken issued a final award finding that Wells Fargo bore no liability to Welsh. (*Id.* at 3–4.)

Wells Fargo petitioned to confirm the award on November 21, 2025, (Doc. 1), and personally served Welsh on November 25, 2025, (Doc. 10). The deadline to respond to the Petition was December 9, 2025. *See* 9 U.S.C. § 6 (providing that petitions for confirmation of arbitration awards "shall be made and heard in the manner provided by law for the making and hearing of motions") *and* LRCiv 7.2(c) (allowing 14 days to respond to a motion). Welsh did not respond to the Petition within the time allowed.[3] On January 28, 2026—fifty days after his deadline to respond—Welsh appeared and filed his Motion to Vacate. (Doc. 14.) He then moved for leave to file an answer out of time and lodged a proposed answer. (Docs. 18, 19.) Wells Fargo responded to the Motion to Vacate, (Doc. 20), and opposed the motion for leave, (Doc. 22). Welsh replied to both motions. (Docs. 23, 25.)

## II. LEGAL STANDARD

Federal court review of an arbitration award is "restricted" and highly deferential. *Graef Constr. Inc. v. LS Black-Loeffel Civ. Constructors JV LP*, 2022 WL 4235600, at *2 (D. Ariz. Sept. 14, 2022). Sections 10 and 11 of the Federal Arbitration Act ("FAA") provide the exclusive means by which an arbitration award may be vacated or modified. *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012). Thus, when a party applies to confirm an award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9.

Under section 10, a district court may vacate an award only where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct or misbehavior

---

[3] Initially, I erroneously ordered Wells Fargo to show cause why this matter should not be dismissed for failure to prosecute because Wells Fargo had not applied for entry of default against Welsh. (Doc. 11.) Wells Fargo responded by correctly noting that a petition to confirm an arbitration award is treated as a motion rather than a complaint, such that entry of default would not be appropriate. (Doc. 15.)

that prejudiced a party's rights; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10(a)(1)–(4); *Graef*, 2022 WL 4235600, at *2. "The burden of establishing grounds for vacating an arbitration award is on the party seeking it." *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010). Consistent with this deferential posture, an arbitrator's award will not be disturbed merely because the reviewing court disagrees with it. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA].").

## III. DISCUSSION

### A. Motion for Leave to File Answer

Although Welsh's filings were untimely, I may extend the time to act after a deadline has passed where the party's failure "was the result of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Given Welsh's pro se status, the absence of any prejudice to Wells Fargo—which has fully briefed its opposition to vacatur of the arbitration award, (Doc. 20)—and the strong preference for resolving disputes on their merits, I will grant Welsh leave to file his answer out of time. His lodged proposed answer (Doc. 19) is deemed filed and is construed as a response to the Petition. Because I resolve the Motion to Vacate and the Petition on the existing record, no further reply from Wells Fargo is necessary.

### B. Motion to Vacate Arbitration Award

Welsh raises a single ground for vacatur: that Arbitrator Aiken was evidently partial and engaged in misconduct because he failed to disclose a material relationship with Wells Fargo's counsel, Snell & Wilmer LLP. (Doc. 14 at 3–4.) He invokes 9 U.S.C. §§ 10(a)(2) and 10(a)(3) as the statutory basis for vacatur. (Doc. 14 at 4.)

To vacate an award for "evident partiality" under § 10(a)(2), the moving party "must show specific facts" that indicate actual bias or show that the arbitrator failed to disclose information that creates a reasonable impression of bias. *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010). Evident partiality may be shown under either of two theories: nondisclosure, where the "arbitrator's failure to disclose

information gives the impression of bias in favor of one party," or actual bias, where the award was actually "the product of impropriety." *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996). "In the Ninth Circuit, 'long past, attenuated, or insubstantial connections' between a party and the arbitrator do not give rise to a reasonable impression of partiality." *Bloom Energy Corp. v. Badger*, 2021 WL 4079208, at *4 (N.D. Cal. Sept. 8, 2021) (quoting *In re Sussex*, 781 F.3d 1065, 1074 (9th Cir. 2015)).

Welsh has not demonstrated evident partiality under § 10(a)(2). His nondisclosure theory fails because the very relationship he complains of—that Snell & Wilmer previously appeared before Aiken in private mediation—was disclosed by Aiken in his "General Arbitrator Oath Form." (Doc. 14 at 24.) Aiken's written disclosures, which are attached to and acknowledged in Welsh's motion, disclosed that "[l]awyers from Snell & Wilmer have appeared before me in private mediation over the years." (Doc. 14 at 4, 24.) A disclosed relationship cannot support a claim of evident partiality premised on nondisclosure. *See Woods*, 78 F.3d at 427.

To the extent Welsh claims actual bias, he has also failed to meet his burden. Welsh offers only conclusory assertions of "[p]rior professional interactions" and "[f]inancial ties or payments" between Aiken and "entities connected to Wells Fargo or its counsel." (Doc. 14 at 5.) But he provides no specific facts about these prior professional interactions and alleged financial ties. (*See* Doc. 14.) That a professional arbitrator has had prior professional dealings with attorneys and has been compensated for his services is unremarkable, and such facts do not, standing alone, indicate any bias. Put another way, these are precisely the kind of "attenuated" and "insubstantial connections" that do not warrant vacatur. *Bloom Energy Corp.*, 2021 WL 4079208 at *4.

To the extent Welsh asks me to infer bias from the fact that the arbitration award tracked the wording of Wells Fargo's briefing, (Doc. 14 at 5), an arbitrator's agreement with one party's position—even repeatedly—is not evidence of partiality absent some evidence of improper motivation. *See Golden v. O'Melveny & Myers LLP*, 2021 WL 3466044, at *1 (9th Cir. Aug. 6, 2021) ("Golden also points to various rulings the arbitrator

made in favor of Defendants as evidence of partiality, but even repeated rulings against one party to the arbitration will not establish bias absent some evidence of improper motivation." (citation modified)). Because Welsh has not shown specific facts indicating actual bias, or a nondisclosure that creates a reasonable impression of bias, he has not met his burden to establish evident partiality. *Lagstein*, 607 F.3d at 640, 645–646.

"An arbitration award can be vacated under 9 U.S.C. § 10(a)(3) only if an Arbitrator's error was in bad faith or so gross as to amount to affirmative misconduct and thus deprived the parties of a fundamentally fair hearing." *Bungie, Inc. v. Aimjunkies.com*, 2024 WL 3934331, at *1 (9th Cir. August 26, 2024) (citation modified). Welsh's § 10(a)(3) misconduct argument rests on the same alleged failure to disclose as his § 10(a)(2) argument and therefore fails for the same reasons—chiefly, that Aiken *did* disclose the relationship Welsh complains of. Welsh has thus failed to establish grounds for vacatur under § 10(a)(3).

### C. Petition to Confirm Arbitration Award

Welsh identifies no other basis to vacate, modify, or correct the award, and I find none. I therefore must confirm the award if the statutory prerequisites are satisfied. 9 U.S.C. § 9. I have subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse—Wells Fargo is a citizen of South Dakota and Welsh is a citizen of Arizona—and the amount in controversy, measured by the $304,100 Welsh sought in the underlying arbitration, exceeds $75,000. (Doc. 1 at 1–3.) Venue is proper because the award was made in this district and Welsh resides here. 9 U.S.C. § 9; 28 U.S.C. § 1391. The Petition is timely, having been filed within one year of the November 7, 2025 award. 9 U.S.C. § 9. (Doc. 1.) And Welsh was properly served. (Doc. 10.) Because I do not vacate, modify, or correct the award, I must grant the Petition. 9 U.S.C. § 9.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Welsh's Application to Proceed In Forma Pauperis (Doc. 13) as moot.

**IT IS FURTHER ORDERED** granting Welsh's Motion for Leave to File Answer Out of Time (Doc. 18). Welsh's lodged proposed answer (Doc. 19) is deemed filed as of the date of this Order, and no further reply from Wells Fargo is necessary.

**IT IS FURTHER ORDERED** denying Welsh's Motion to Vacate Arbitration Award (Doc. 14).

**IT IS FURTHER ORDERED** granting Wells Fargo's Petition for Confirmation of Arbitration Award (Doc. 1). The arbitration award issued on November 7, 2025, is **CONFIRMED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly. *See* 9 U.S.C. § 13.

Dated this 14th day of September, 2026.

Honorable Sharad H. Desai
United States District Judge